IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LATORYA WILLIAMS, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:20-CV-00527 |
| v. | § § | JUDGE MICHAEL J. TRUNCALE |
| CITY OF PORT ARTHUR, | § § | |
| Defendant. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This case is referred to Magistrate Judge Zack Hawthorn for pretrial management under a standing order. Pending before the Court is Defendant City of Port Arthur's *Motion for Summary Judgment*. [Dkt. 26]. On February 25, 2022, Judge Hawthorn issued his Report and Recommendation in which he recommended granting the City's motion. [Dkt. 68]. On March 18, 2022, *pro se* Plaintiff Latorya Williams filed her *Objections to the Magistrate Judge's Report and Recommendation*. [Dkt. 70]; *see* Fed. R. Civ. P. 72(b)(2).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). The Court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has carefully considered Williams's objections. The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that Williams's objections are without merit.

1

### I.     Newly Asserted ADA Claim

In the "Facts" section of her Objections, Williams vaguely asserts a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") for the first time. [Dkt. 70 at 3]. She mentions that Carpal Tunnel Syndrome constitutes a disability under the ADA and recites one of the elements for establishing a *prima facie* case under that statute. *Id.*

"Before a plaintiff may file suit in federal court under either Title VII or the ADA, the plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021). Williams's EEOC complaint never alleges disability discrimination, so she has failed to exhaust this claim. [Dkt. 1 at 13]. Further, even if she did exhaust her ADA claim, she has not established the *prima facie* elements of disability discrimination. *See Jennings*, 11 F.4th at 344. Accordingly, the Court will not consider her new ADA claim.

### II.    Evidentiary Objections

Before objecting to Judge Hawthorn's conclusions about her substantive case, Williams asserts various evidentiary objections. She first notes that when Judge Hawthorn granted the City's motion to strike her Response to the City's Motion for Summary Judgment, the evidence attached to the Response remained. [Dkt. 70 at 1]. This is incorrect. On September 14, 2021, the City moved to strike Williams's Response "and [its] alleged supporting evidence." [Dkt. 36 at 3]. Two days later, Judge Hawthorn granted that motion. [Dkt. 38]. So, because Judge Hawthorn struck both the Response and its attached evidence, the Court will not consider this evidence in ruling on Williams's objections.

Next, Williams claims that the City has failed to "release Plaintiff's disclosures." [Dkt. 70 at 1 n.1]. This is a typical refrain from her summary judgment pleadings. It is not clear what information she is alleging the City is withholding. In any event, she has had ample opportunity

to file a motion to compel.[1]  Since she never filed such a motion, the Court overrules her allegations that the City is withholding information.

Similarly, Williams alleges that the City redacted relevant information with "white out" before disclosing it to her.  *Id*. at 1.  Williams provides no evidence of this claim.  And like before, she could have filed a motion to compel if she felt the City was withholding information.  Accordingly, the Court will not consider this allegation.

In sum, the Court overrules Williams's evidentiary objections.  In ruling on her substantive objections, the Court will consider the same evidence that Judge Hawthorn considered in his Report and Recommendation.

### III. Objections to Judge Hawthorn's Findings on Disparate-Treatment Racial Discrimination Claims

#### A. Time-Barred Positions

Judge Hawthorn correctly found that the relevant statute of limitations barred five of the positions for which Williams applied.  [Dkt. 68 at 5-6].  Williams's objections provide no reason why these five positions are not time-barred.  Therefore, the Court overrules Williams's objections for Job Numbers 17-067, 18-062, 18-080, 19-011, and 19-016.

#### B. Non-Time-Barred Positions

In his Report and Recommendation, Judge Hawthorn successively analyzed each position that Williams did not obtain.  Williams objected in the same way, so the Court will respond to her objections in order.

First, Judge Hawthorn correctly found that the City did not discriminate against Williams regarding the Administrative Assistant position (Job Number 19-099).  *See id*. at 7-9.  Williams's objection repeats her previous arguments.  *Compare* [Dkt. 70 at 5], *with* [Dkt. 43 at 3], *and* [Dkt.

---

[1] The discovery period expired on September 6, 2021.  Doc. No. 16 at 2.

43 at 13], *and* [Dkt. 43-1 at 4], *and* [Dkt. 50-1 at 7]. The Court agrees with Judge Hawthorn that Williams did not meet her burden under the shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Accordingly, the Court overrules her objection.

Second, Judge Hawthorn correctly found that the City did not discriminate regarding the Accountant position (Job Number 19-095R). *See* [Dkt. 68 at 9-10]. Williams's objection repeats her previous arguments. *Compare* [Dkt. 70 at 5], *with* [Dkt. 43 at 3], *and* [Dkt. 43 at 13], *and* [Dkt. 43-1 at 4], *and* [Dkt. 50 at 7], *and* [Dkt. 50-1 at 7]. She also claims that "multiple pages" of her deposition were missing from the City's Reply to its Motion for Summary Judgment. [Dkt. 70 at 5]. Williams attached the entire deposition to her Sur-Reply to the motion, so this point is irrelevant. *See* [Dkt. 50-7]. Further, she claims she was prevented from establishing an adverse employment action when Judge Hawthorn granted the City's motion to strike her original Response and attached evidence. [Dkt. 70 at 5]; *see* [Dkt. 38]. Judge Hawthorn gave her the opportunity to refile a response and attached evidence, which she ultimately did. [Dkt. 38; 43]. The Court agrees with Judge Hawthorn that because the position remains on hold, no adverse employment decision occurred. Accordingly, the Court overrules her objection.

Third, Judge Hawthorn correctly found that the City did not discriminate regarding the Senior Account Clerk position (Job Number 20-019). [Dkt. 68 at 10]. Williams's objection repeats her previous arguments. *Compare* [Dkt. 70 at 5], *with* [Dkt. 50 at 9], *and* [Dkt. 43 at 14]. The Court concurs with Judge Hawthorn that the City did not treat candidates outside of Plaintiff's protected group more favorably. Accordingly, the Court overrules her objection.

Fourth, Judge Hawthorn correctly found that the City did not discriminate regarding the Administrative Clerk position (Job Number 20-012). [Dkt. 68 at 11]. Williams's objection repeats her previous arguments. *Compare* [Dkt. 70 at 6], *with* [Dkt. 43-1 at 7], *and* [Dkt. 50-1 at 4]. The

Court concurs with Judge Hawthorn that the City did not treat candidates outside of Plaintiff's protected group more favorably. Accordingly, the Court overrules her objection.

Fifth, Judge Hawthorn correctly found that the City did not discriminate regarding the unposted Budget Assistant position. [Dkt. 68 at 11-12]. Williams's objection repeats her previous arguments. *Compare* [Dkt. 70 at 6], *with* [Dkt. 43 at 3], *and* [Dkt. 43 at 14], *and* [Dkt. 50 at 8], *and* [Dkt. 50-1 at 5]. Because Williams did not apply for the position, the Court agrees with Judge Hawthorn that she has not established a *prima facie* case of discrimination. Accordingly, the Court overrules her objection.

Sixth, Judge Hawthorn correctly found that the City did not discriminate regarding the Human Resources Analyst position (Job Number 20-043). [Dkt. 68 at 12]. Williams's objection repeats her previous arguments. *Compare* [Dkt. 70 at 6], *with* [Dkt. 43 at 5], *and* [Dkt. 43 at 15], *and* [Dkt. 43-1 at 5], *and* [Dkt. 50 at 10], *and* [Dkt. 50 at 14]. The Court agrees with Judge Hawthorn that because the position remains unfilled, an adverse employment action has not occurred. Accordingly, the Court overrules her objection.

Seventh, Judge Hawthorn correctly found that the City did not discriminate regarding the Senior Account Clerk position (Job Number 20-001R). [Dkt. 68 at 12-13]. Williams's objection mostly repeats her previous arguments. *Compare* [Dkt. 70 at 6], *with* [Dkt. 43 at 5], *and* [Dkt. 43-1 at 6]. But her objection also asserts that Human Resources had sent "everyone" except her an announcement of the job posting. [Dkt. 70 at 6]. This assertion does not help her establish a *prima facie* case. Further, it does not cite to competent summary judgment evidence. Accordingly, the Court overrules her objection.

Eighth, Judge Hawthorn correctly found that the City did not discriminate regarding the Collection Manager position (Job Number 20-012). [Dkt. 68 at 13]. Williams's objection repeats

her previous arguments. *Compare* [Dkt. 70 at 7], *with* [Dkt. 43-1 at 6], *and* [Dkt. 50-1 at 6], *and* [Dkt. 50-1 at 8]. The Court concurs with Judge Hawthorn that Williams has not suffered an adverse employment action because the position remains open. Accordingly, the Court overrules her objection.

### C. Other Grievances

Judge Hawthorn correctly found that Williams also failed to establish a *prima facie* case of racial discrimination due to Quigley's higher salary or the City "purposely" giving her low evaluation scores. [Dkt. 68 at 13-14]. Williams's objection repeats her previous arguments. *Compare* [Dkt. 70 at 7], *with* [Dkt. 1 at 6], *and* [Dkt. 43 at 6], *and* [Dkt. 43 at 16]. The Court agrees that the pay disparity alone is insufficient to create a *prima facie* case of discrimination. Accordingly, the Court overrules her objection.

### IV.     Objections to Judge Hawthorn's Findings on Hostile Work Environment Claims

Next, Judge Hawthorn correctly found that Williams failed to establish a cognizable hostile work environment claim. *See* [Dkt. 68 at 19]. First, Williams's objections mention "unwelcome touching," which, without any additional information, the Court construes as a reference to her supervisor rubbing Williams's back. *See* [Dkt. 70 at 7]. Without anything more than the phrase "unwelcome touching," the Court agrees with Judge Hawthorn's conclusion that this conduct was not based on Williams's race. *See* [Dkt. 68 at 17]. Second, Williams merely repeats her allegation that her supervisor said she would "never hire another black person." *Compare* [Dkt. 70 at 7 n.3], *with* [Dkt. 43 at 6], *and* [Dkt. 43 at 20], *and* [Dkt. 43 at 22], *and* [Dkt. 43-1 at 2]. Third, Williams repeats her allegation that her supervisor made fun of her hair texture. *Compare* [Dkt. 70 at 7 n.3], *with* [Dkt. 43 at 20], *and* [Dkt. 43 at 22]. The Court agrees that these incidents are insufficient to

create a hostile work environment. Because Williams has not raised any new arguments, the Court overrules her objections.

### V.  Objection to Judge Hawthorn's Findings on Retaliation Claim

Finally, Judge Hawthorn correctly found that the City did not retaliate against Williams regarding the Human Resources position (Job Number 20-043). [Dkt. 68 at 20]. Williams's objection repeats her previous arguments. *Compare* [Dkt. 70 at 6], *with* [Dkt. 43 at 5], *and* [Dkt. 43 at 15], *and* [Dkt. 43-1 at 5], *and* [Dkt. 50 at 10], *and* [Dkt. 50 at 14]. Accordingly, the Court overrules her objection.

### VI.  Conclusion

It is therefore ORDERED that Plaintiff Latorya Williams's *Objections to the Magistrate Judge's Report and Recommendation* [Dkt. 70] are OVERRULED. Judge Hawthorn's Report and Recommendation [Dkt. 68] is ACCEPTED, and Defendant City of Port Arthur's *Motion for Summary Judgment* [Dkt. 26] is GRANTED. The Court will enter a Final Judgment separately.

**SIGNED this 23rd day of March, 2022.**

*[signature]*

Michael J. Truncale
United States District Judge